I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:          DEPUTY CLERK:

Petitioner on 02-18-15 by TS



**FILED**
CLERK, U.S. DISTRICT COURT

February 18, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TS _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

LESLIE G. PARKER,                    )     No. ED CV 15-00253-DOC (DFM)
                                     )
                    Petitioner,      )     ORDER TO SHOW CAUSE
                                     )
        v.                           )
                                     )
                                     )
AMY MILLER, Warden,                  )
                                     )
                    Respondent.      )
                                     )
_____)

On February 10, 2015, Petitioner Leslie Parker constructively filed a
Petition for Writ of Habeas Corpus by a Person in State Custody in this Court,
raising two grounds for relief. Dkt. 1 ("Petition"). From the face of the
Petition, it appears that a Riverside County Superior Court jury convicted
Petitioner on March 4, 2010 of one count of first degree felony murder. Id. at
2.[1] Petitioner was sentenced to life without parole. Id.

///

_____

[1] All citations to the Petition are to the CM/ECF pagination.

**A.      The Petition Is Facially Untimely**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1). Here, although the Petition does not disclose the date, it appears from the California Appellate Courts' Case Information website[2] that the California Supreme Court denied Petitioner's petition for review on July 31, 2013. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on October 29, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner then had one year from the date his judgment became final on October 29, 2013, or until October 29, 2014, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until February 10, 2015, more than three months too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not

---

[2] http://appellatecases.courtinfo.ca.gov/

appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims at the time of his trial in 2010. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

**B.    It Does Not Appear that Petitioner Is Entitled to Any Statutory or Equitable Tolling Which Would Make the Petition Timely**

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was October 29, 2014. See Patterson, 251 F.3d at 1246. No basis for statutory tolling under § 2244(d)(2) appears to exist here because Petitioner did not file any state collateral challenges to his judgment of conviction. See Petition at 3.

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

**C.    Additionally, Ground Two Fails to State a Cognizable Federal Habeas Claim**

In Ground Two, Petitioner alleges that the trial court abused its discretion by admitting a prior conviction for robbery under California Evidence Code § 1101(b) for the purpose of proving intent to rob because intent to rob was not a contested issue at trial. Petition at 3. A federal court can

3

grant habeas corpus relief to a petitioner "only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Ground Two does not present a federal question because it appears to concern a claim of evidentiary error only under California evidence law.

**D.  <u>Conclusion</u>**

A district court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before March 20, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated:  February 18, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

4